# NO. 12-17-00304-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK TYRONE JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mark Tyrone Johnson appeals his conviction for "assault/family violence." In a single issue, Appellant argues the evidence is legally insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was arrested and charged by indictment with "assault/family violence." It was alleged that Appellant caused bodily injury to his wife, Cassandra Johnson, by striking her with his hand or hands. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. After Appellant pleaded "true" to an enhancement paragraph, the jury heard evidence in the punishment phase of trial. The jury assessed his punishment at seven years of confinement and a $10,000 fine. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, he contends the State failed to prove the manner and means of the alleged assault.

### Standard of Review and Governing Law

In Texas, the ***Jackson v. Virginia*** standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d

893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.).

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01 (West Supp. 2017). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2017).

**Analysis**

Appellant argues the evidence introduced at trial failed to show that Cassandra suffered bodily injury. He further contends that the evidence was insufficient to establish that he hit Cassandra with his hand or hands.

At trial, the jury heard two versions of events. Appellant testified that he is married to Cassandra and that the two had been experiencing marital problems. He attributed their issues to the fact that they both are "recovering addicts." He testified that Cassandra had her own apartment. Appellant further testified that she has trouble sleeping and takes medication to help her sleep. The night before the alleged incident, Cassandra's daughter called to ask to borrow Cassandra's car. According to Appellant, Cassandra "was kind of woozy" when she woke up to take her daughter the car. When Cassandra walked out of the door, she fell into a bush. Appellant got Cassandra out

of the bush, took the car to her daughter, and walked to his own apartment. Later that evening, Appellant took a muscle relaxer for his back and fell asleep. When Cassandra arrived at Appellant's residence, she accused him of having a girlfriend in his room. Appellant denied hitting Cassandra and claimed her injuries were a result of her falling in the bush that morning.

Cassandra did not testify at trial. However, the jury heard the 911 call in which Cassandra called to report that Appellant shot at her and punched her in the eye. Cassandra gave the dispatcher Appellant's address and waited down the street from his residence for an officer to arrive. Officer Justin Utley of the Tyler Police Department responded to the 911 call. When he arrived at the scene, he spoke with Cassandra. The information she gave him corresponded with the information that she gave to the dispatcher. Officer Utley took photographs of Cassandra's injuries, which included a bloodshot right eye with redness around the eye. Cassandra told him that she sustained her eye injury when she was punched. Cassandra also had a scratch on her arm. Officer Utley further testified that Cassandra sustained bodily injury and that she told him it was caused by Appellant striking her.

Detective Nathan Elliott with the Tyler Police Department was assigned to investigate the alleged assault after Officer Utley completed his report. After receiving the assignment, Detective Elliott spoke with Cassandra twice: once on the phone and once in person. He testified that the information Cassandra gave him was consistent with the police reports, 911 call, and information from the patrol officer. She also remained consistent in her identification of her perpetrator. Based on his experience investigating "hundreds" of assaults, he characterized Cassandra's injuries as "bodily injury." Detective Elliott also interviewed Appellant. Appellant claimed to have witnesses who were inside his residence that could corroborate his version of the events. However, the witness that Detective Elliott was able to contact refused to speak with him. Following his investigation, Detective Elliott obtained a warrant for Appellant's arrest and arrested him for felony assault family violence. Additionally, the State introduced photographs of Cassandra's injuries into evidence.

It was the province of the jury to determine which of this conflicting testimony to credit and which to reject. *See* ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury reasonably could have rejected Appellant's testimony regarding his version of the events and credited the testimony of Officer Utley and Detective Elliott. From their testimony, the photographs of Cassandra's injuries, and the other evidence presented at trial, the jury could have determined that Appellant punched Cassandra. While there was no direct testimony that Appellant punched

3

Cassandra using his hand or hands, the jury could make a rational inference from the evidence that Appellant struck her with his hand. *See **Padilla***, 326 S.W.3d at 200; *see also **Johnson v. State***, No. 14-01-00410-CR, 2002 WL 370199, at \*3 (Tex. App.—Houston [14th Dist.] March 7, 2002, pet. ref'd) (op., not designated for publication) (trial court free to assign "punch" its ordinary meaning, which is "to hit with a sharp blow of the fist"); ***Murphy v. State**,* 44 S.W.3d 656, 662 (Tex. App.—Austin 2001, no pet.) ("Jurors are presumed to know and apply the common and ordinary meaning of words.").

After viewing the evidence is the light most favorable to the verdict, we conclude that a rational jury could have found, beyond a reasonable doubt, that Appellant knowingly, intentionally, or recklessly caused bodily injury to his wife by striking her with his hand or hands. *See* TEX. PENAL CODE ANN. § 22.01; *see also **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 912. As a result, we conclude the evidence is legally sufficient to support the verdict. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 3, 2018

NO. 12-17-00304-CR

**MARK TYRONE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0497-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*